UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80019-CR-MIDDLEBROOKS/JOHNSON

21 U.S.C § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(ii)
21 U.S.C. § 846
18 U.S.C. § 2

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LATESS HILL,
       aka "Tess,"
JENTLE CHATMAN,
       aka "CJ,"
       aka "Chat,"
ZEDRA WARNER,
       aka "Sarge,"
BELINDA DAVIS BROWN,
       aka "Belinda Davis,"
       aka "Lynn,"
TANIKA WRIGHT,
       aka "T,"
SAMANTHA WILKERSON,
KENYETTA BIGGS,
ELISHA ALLEN,
       aka "Nikki,"
MELVIN BROWN,
       aka "Mel,"
ANTONIO KEY,
JASON MILLER,
MARCUS PITRE,
DONDIA WILKERSON,
PAKESHA McCRAY,
       aka "Keesha,"
TAKISHA GOLDEN, and
MELISSA JEFFERSON,

        Defendants.
_____/



FILED by _____ D.C.

FEB 0 4 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

3

## INDICTMENT

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.      Defendant LATESS HILL, ("HILL"), also known as "Tess," was employed by the State of Florida at Glades Correctional Institution in Belle Glade, Palm Beach County as a Corrections Officer.

2.      Defendant JENTLE CHATMAN, ("CHATMAN"), also known as "CJ," and "Chat," was employed by the State of Florida at Glades Correctional Institution in Belle Glade, Palm Beach County as a Corrections Officer.

3.      Defendant ZEDRA WARNER, ("WARNER"), also known as "Sarge,"  was employed by the State of Florida at Glades Correctional Institution in Belle Glade, Palm Beach County as a Corrections Officer.

4.      Defendant BELINDA DAVIS BROWN, ("DAVIS")  aka "Belinda Davis," was employed by the State of Florida at Glades Correctional Institution in Belle Glade, Palm Beach County as a Corrections Officer.

5.      Defendant TANIKA WRIGHT, ("WRIGHT"), also known as "T," was employed by the State of Florida at Florida Road Prison, in Loxahatchee, Palm Beach County as a Corrections Officer.

6.      Defendant SAMANTHA WILKERSON, ("WILKERSON") was employed by the State of Florida at Glades Correctional Institution in Belle Glade, Palm Beach County as a Corrections Officer.

2

7. Defendant KENYETTA BIGGS, ("BIGGS") was employed by the State of Florida at Glades Correctional Institution in Belle Glade, Palm Beach County as a Corrections Officer.

8. Defendant MELVIN BROWN, ("BROWN"), also known as "Mel," was employed by the State of Florida at Glades Correctional Institution in Belle Glade, Palm Beach County as a Corrections Officer.

9. Defendant JASON MILLER, ("MILLER") was employed by the State of Florida at Glades Correctional Institution in Belle Glade, Palm Beach County as a Corrections Officer.

10. Defendant MARCUS PITRE, ("PITRE") was employed by the State of Florida at Glades Correctional Institution in Belle Glade, Palm Beach County as a Corrections Officer.

11. Defendant TAKISHA GOLDEN, ("GOLDEN"), was employed by the State of Florida at Glades Correctional Institution in Belle Glade, Palm Beach County as a Corrections Officer.

12. Defendant MELISSA JEFFERSON, ("JEFFERSON") was employed by the State of Florida at Glades Correctional Institution in Belle Glade, Palm Beach County as a Corrections Officer.

13. As Corrections Officers, the above-named defendants were required to uphold the laws of the State of Florida and the United States, and they were not permitted to allow, facilitate, or assist individuals or organizations in breaking those laws or otherwise engaging in criminal or illegal activity. The defendants also were not authorized to accept payments from individuals or organizations in exchange for allowing, facilitating, or assisting them in breaking state or federal laws, or otherwise engaging in criminal or illegal activity.

14. Some defendants who were not employed by the State of Florida served as Corrections

Officers for private prison facilities run on behalf of the State of Florida, that is, South Bay Correctional Facility.

15.     Defendant ELISHA ALLEN, ("ALLEN"), also known as "Nikki," was employed by The Geo Group, Inc. as a Corrections Officer at South Bay Correctional Facility, a private facility located in South Bay, Palm Beach County.

16.     Some of the defendants were not employed as Corrections Officers at a facility operated either by the State of Florida or a third-party contractor licensed by the State of Florida, but masqueraded as Corrections Officers in order to participate in the criminal conduct alleged in this indictment.

17.     Defendant DONDIA WILKERSON, ("WILKERSON"), held herself out to be a be a Corrections Officer employed by the State of Florida when in fact she was not so employed.

18.     Defendant ANTONIO KEY, ("KEY") held himself out to be employed by the State of Florida at Glades Correctional Institution in Belle Glade, Palm Beach County as a Corrections Officer, when in fact his employment had been terminated.

19.     Defendant PAKESHA McCRAY, ("McCRAY"), also known as "Keesha," held herself out to be a Corrections Officer employed by the State of Florida when in fact she was not so employed.

20.     The Federal Bureau of Investigation ("FBI") was conducting an investigation during which FBI special agents and other agents (referred to herein as "undercover agents") were acting in an undercover capacity as purported members of a drug-trafficking group.

21.     At various times the undercover agents met with some or all of the defendants to discuss their purported criminal activities and to determine whether the defendants were willing to

4

protect, facilitate, and participate in the undercover agents' purportedly illegal activities. In response, the defendants, in exchange for cash payments, protected, facilitated, and participated in what was represented to be narcotics trafficking.

22.     The defendants indicated that if needed, they could and would take various steps to use their positions and status as Corrections Officers to protect and facilitate these crimes, and to prevent other law enforcement officers from detecting or interfering with the undercover agents' purported criminal activities.

23.     FBI undercover agents established one or more offices or warehouses in Miami-Dade County, Florida, in order to meet with the defendants and to discuss and carry out their purported crimes.

24.     At various times some of the defendants traveled from Palm Beach County to Miami-Dade County to meet with the undercover agents and also to pick up from the undercover agents what had been represented to the defendants to be contraband, that is controlled substances purporting to be cocaine hydrochloride.

25.     The defendants involved in a particular purported criminal venture would be paid in cash for their illegal services during and after that venture was completed. The defendants were paid cash for transporting what they believed to be cocaine from Miami-Dade County to West Palm Beach, Palm Beach County. In return for the illegal services provided to this supposed criminal organization, defendant LATESS HILL was paid approximately $33,000, defendant JENTLE CHATMAN was paid approximately $19,000, defendant ZEDRA WARNER was paid approximately $10,000, BELINDA DAVIS BROWN, aka "Belinda Davis" was paid approximately $12,000, TANIKA WRIGHT was paid approximately $10,500, SAMANTHA WILKERSON, was

paid approximately $10,000, KENYETTA BIGGS was paid approximately $10,500, ELISHA

ALLEN was paid approximately $5,000, MELVIN BROWN was paid approximately $5,000,

ANTONIO KEY was paid approximately $5,000, JASON MILLER was paid approximately $5,000,

MARCUS PITRE was paid approximately $5,000,   DONDIA WILKERSON was paid

approximately $5,000, PAKESHA McCRAY was paid approximately $5,000, TAKISHA GOLDEN

was paid approximately $5,000 and MELISSA JEFFERSON was paid approximately $5,000.

### COUNT 1

Conspiracy to Possess Cocaine With Intent to Distribute

21 U.S.C. § 846

26. The Grand Jury re-alleges and incorporates herein by reference the General

Allegations Section of this Indictment.

Beginning at least as early as in or around September 19, 2008, continuing through on or

about November  2009, in Palm Beach County, Broward County, and Miami-Dade County, in

the Southern District of Florida, and elsewhere, the defendants,

**LATESS HILL,**
**aka "Tess,"**
**JENTLE CHATMAN,**
**aka "CJ,"**
**aka "Chat,"**
**ZEDRA WARNER,**
**aka "Sarge,"**
**BELINDA DAVIS BROWN,**
**aka "Belinda Davis,"**
**aka "Lynn,"**
**TANIKA WRIGHT,**
**aka "T,"**
**SAMANTHA WILKERSON,**
**KENYETTA BIGGS,**
**ELISHA ALLEN,**

6

aka "Nikki,"
**MELVIN BROWN,**
aka "Mel,"
**ANTONIO KEY,**
**JASON MILLER,**
**MARCUS PITRE,**
**DONDIA WILKERSON,**
**PAKESHA McCRAY,**
aka "Keesha,"
**TAKISHA GOLDEN, and**
**MELISSA JEFFERSON,**

did knowingly and intentionally combine, conspire, confederate and agree with each other, and with others, known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of cocaine hydrochloride.

## Count 2

Attempt to Possess Cocaine With Intent to Distribute

21 U.S.C. § 841(a)(1)

27.  The Grand Jury re-alleges and incorporates herein by reference the General Allegations Section of this Indictment.

On or about September 19, 2008, in Palm Beach County, Broward County, and Miami-Dade County, in the Southern District of Florida, the defendants,

**BELINDA DAVIS BROWN,**
aka "Belinda Davis,"
aka "Lynn,"
**MELVIN BROWN,**

7

**aka "Mel," and
JASON MILLER,**

did knowingly and intentionally attempt to possess with the intent to distribute a controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United

States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged

that this violation involved five (5) kilograms or more of cocaine hydrochloride.

## Count 3

Attempt to Possess Cocaine With Intent to Distribute

21 U.S.C. § 841(a)(1)

28.  The Grand Jury re-alleges and incorporates herein by reference the General

Allegations Section of this Indictment.

On or about December 12, 2008, in Palm Beach County, Broward County,  and Miami-

Dade County, in the Southern District of Florida, the defendants,

**LATESS HILL,
aka "Tess,"
JENTLE CHATMAN,
aka "CJ,"
aka "Chat," and
BELINDA DAVIS BROWN,
aka "Belinda Davis,"
aka "Lynn"**

did knowingly and intentionally attempt to possess with the intent to distribute a controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United

States Code, Section 2.

8

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of cocaine hydrochloride.

## Count 4

Attempt to Possess Cocaine With Intent to Distribute

21 U.S.C. § 841(a)(1)

29. The Grand Jury re-alleges and incorporates herein by reference the General Allegations Section of this Indictment.

On or about January 29, 2009, in Palm Beach County, Broward County, and Miami-Dade County, in the Southern District of Florida, the defendants,

**JENTLE CHATMAN,**
**aka "CJ,"**
**aka "Chat,"**
**SAMANTHA WILKERSON, and**
**DONDIA WILKERSON,**

did knowingly and intentionally attempt to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of cocaine hydrochloride.

9

## Count 5

Attempt to Possess Cocaine With Intent to Distribute

21 U.S.C. § 841(a)(1)

30.  The Grand Jury re-alleges and incorporates herein by reference the General

Allegations Section of this Indictment.

On or about February 24, 2009, in Palm Beach County, Broward County,  and Miami-

Dade County, in the Southern District of Florida, the defendants,

**LATESS HILL,**
**aka "Tess,"**
**ELISHA ALLEN,**
**aka "Nikki," and**
**PAKESHA McCRAY,**
**aka "Keesha"**

did knowingly and intentionally attempt to possess with the intent to distribute a controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United

States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged

that this violation involved five (5) kilograms or more of cocaine hydrochloride.

## Count 6

Attempt to Possess Cocaine With Intent to Distribute

21 U.S.C. § 841(a)(1)

31.  The Grand Jury re-alleges and incorporates herein by reference the General

Allegations Section of this Indictment.

On or about May 28, 2009, in Palm Beach County, Broward County,  and Miami-Dade

County, in the Southern District of Florida, the defendants,

**JENTLE CHATMAN,**
**aka "CJ,"**
**aka "Chat"**
**KENYETTA BIGGS, and**
**TANIKA WRIGHT,**
**aka "T"**

did knowingly and intentionally attempt to possess with the intent to distribute a controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United

States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged

that this violation involved five (5) kilograms or more of cocaine hydrochloride.

## Count 7

Attempt to Possess Cocaine With Intent to Distribute

21 U.S.C. § 841(a)(1)

32. The Grand Jury re-alleges and incorporates herein by reference the General

Allegations Section of this Indictment.

On or about May 29, 2009, in Palm Beach County, Broward County, and Miami-Dade

County, in the Southern District of Florida, the defendants,

**LATESS HILL,**
**aka"Tess,"**
**ZEDRA WARNER,**
**aka "Sarge,"  and**
**SAMANTHA WILKERSON,**

did knowingly and intentionally attempt to possess with the intent to distribute a controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United

11

States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of cocaine hydrochloride.

### Count 8

Attempt to Possess Cocaine With Intent to Distribute

21 U.S.C. § 841(a)(1)

33. The Grand Jury re-alleges and incorporates herein by reference the General Allegations Section of this Indictment.

On or about July 16, 2009, in Palm Beach County, Broward County, and Miami-Dade County, in the Southern District of Florida, the defendants,

**TANIKA WRIGHT,**
**aka "T"**
**KENYETTA BIGGS, and**
**ZEDRA WARNER,**
**aka "Sarge"**

did knowingly and intentionally attempt to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of cocaine hydrochloride.

## Count 9

Attempt to Possess Cocaine With Intent to Distribute

21 U.S.C. § 841(a)(1)

34. The Grand Jury re-alleges and incorporates herein by reference the General Allegations Section of this Indictment.

On or about September 22, 2009, in Palm Beach County, Broward County,  and Miami-Dade County, in the Southern District of Florida, the defendants,

**LATESS HILL,**
**aka "Tess,"**
**ANTONIO KEY, and**
**MARCUS PITRE,**

did knowingly and intentionally attempt to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of cocaine hydrochloride.

## Count 10

Attempt to Possess Cocaine With Intent to Distribute

21 U.S.C. § 841(a)(1)

35. The Grand Jury re-alleges and incorporates herein by reference the General Allegations Section of this Indictment.

On or about November 20, 2009, in Palm Beach County and Miami-Dade County, in the Southern District of Florida, the defendants,

13

**LATESS HILL,**
aka "Tess,"
**TAKISHA GOLDEN, and**
**MELISSA JEFFERSON,**

did knowingly and intentionally attempt to possess with the intent to distribute a controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United

States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged

that this violation involved five (5) kilograms or more of cocaine hydrochloride.

## CRIMINAL FORFEITURE

Upon conviction of the violations alleged in Counts 1 through 10 of this indictment, the

defendants, LATESS HILL, JENTLE CHATMAN, ZEDRA WARNER, BELINDA DAVIS

BROWN, TANIKA WRIGHT, SAMANTHA WILKERSON, KENYETTA BIGGS, ELISHA

ALLEN, MELVIN BROWN, ANTONIO KEY,  JASON MILLER, MARCUS PITRE, DONDIA

WILKERSON, PAKESHA McCRAY,TAKISHA GOLDEN, and MELISSA JEFFERSON shall

forfeit to the United States any and all property constituting or derived from any proceeds which

the defendants LATESS HILL, JENTLE CHATMAN, ZEDRA WARNER, BELINDA DAVIS

BROWN, TANIKA WRIGHT, SAMANTHA WILKERSON, KENYETTA BIGGS, ELISHA

ALLEN, MELVIN BROWN, ANTONIO KEY,  JASON MILLER, MARCUS PITRE, DONDIA

WILKERSON, PAKESHA McCRAY,TAKISHA GOLDEN, and MELISSA JEFFERSON

obtained directly or indirectly as a result of the said violation and any and all property used or

intended to be used in any manner or part to commit or facilitate the commission of such

violation, including, but not limited to, the following:

14

(a) The sum of $145,000.00 in United States currency representing a money judgment for the amount of proceeds received from the offenses.

Pursuant to Title 21, United States Code, Section 853.

If any of the forfeitable property described in the forfeiture section of this indictment, as a result of any act or omission of the defendants LATESS HILL, JENTLE CHATMAN, ZEDRA WARNER, BELINDA DAVIS BROWN, TANIKA WRIGHT, SAMANTHA WILKERSON, KENYETTA BIGGS, ELISHA ALLEN, MELVIN BROWN, ANTONIO KEY,  JASON MILLER, MARCUS PITRE, DONDIA WILKERSON, PAKESHA McCRAY,TAKISHA GOLDEN, and MELISSA JEFFERSON,

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third person;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

Pursuant to Title 21, United States Code, Section 853.


A TRUE BILL


_____
FOREPERSON


_____
JEFFREY H. SLOMAN
UNITED STATES ATTORNEY

_____
STEPHEN CARLTON
ASSISTANT UNITED STATES ATTORNEY

_____
JULIA PAYLOR
ASSISTANT UNITED STATES ATTORNEY


16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO. 10-80019-CR-MIDDLEBROOKS/JOHNSON

vs.

**CERTIFICATE OF TRIAL ATTORNEY***

LATESS HILL, ET AL
aka "Tess"

            **Defendants.**

_____/

**Superseding Case Information:**

New Defendant(s)      Yes _____   No _____
Number of New Defendants    _____
Total number of counts        _____

**Court Division:** (Select One)

_____ Miami    __X__ Key West
_____ FTL       __X__ WPB   _____ FTP

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:    (Yes or No)    No____
List language and/or dialect

4.    This case will take   __21__ days for the parties to try.

5.    Please check appropriate category and type of offense listed below:

    (Check only one)                   (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | __X__ | Felony | __X__ |
| V | 61 days and over | _____ | | |

6.    Has this case been previously filed in this District Court? (Yes or No)    __No__
If yes:
Judge: _____   Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? _No_   (Yes or No)
If yes:
Magistrate Case No.          _n/a_____
Related Miscellaneous numbers:  _n/a_____
Defendant(s) in federal custody as of  _n/a_____
Defendant(s) in state custody as of   _n/a_____
Rule 20 from the    ____n/a____    District of _____

Is this a potential death penalty case? (Yes or No)    No____

7.    Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   _____ Yes  __X__ No

8.    Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   _____ Yes  __X__ No

_____
STEPHEN CARLTON
ASSISTANT UNITED STATES ATTORNEY
Admin No. A5500011

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant Name: LATESS HILL, aka "Tess"      Case No.: 10-80019-CR-MIDDLEBROOKS/
JOHNSON

Count # __1__

Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: 10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release
================================================================================

Count #__3, 5, 7, 9, 10__

Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: 10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release
================================================================================

Count #_____

Max.  Penalty: _____
================================================================================

Count #_____

Max.  Penalty: _____
================================================================================

Count #_____

Max.  Penalty: _____
================================================================================

=Count #_____

Max.  Penalty: _____
================================================================================

*Refers only to possible term of incarceration, does not include
possible fines, restitution, special assessments, parole terms,
or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## <u>PENALTY SHEET</u>

Defendant Name: <u>JENTLE CHATMAN, aka "CJ",</u>     Case No.: 10-80019-CR-MIDDLEBROOKS/
aka "Chat"                                                                          JOHNSON

Count # __1__

Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
=============================================================================
Count # __3, 4, 6__

Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
=============================================================================
Count #_____

Max. Penalty: _____
=============================================================================
Count #_____

Max. Penalty: _____
=============================================================================
Count #_____

Max. Penalty: _____
=============================================================================
Count #_____

Max. Penalty: _____
=============================================================================
        *Refers only to possible term of incarceration, does not include
         possible fines, restitution, special assessments, parole terms,
         or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant Name: ZEDRA WARNER, aka "Sarge"   Case No.: 10-80019-CR-MIDDLEBROOKS/ JOHNSON

Count # 1
Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: 10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release
========================================================================
Count # 7, 8
Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: 10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release
========================================================================
Count #

Max.  Penalty:
========================================================================
Count #

Max.  Penalty:
========================================================================
Count #

Max.  Penalty:
========================================================================
Count #

Max.  Penalty:
========================================================================
        *Refers only to possible term of incarceration, does not include
        possible fines, restitution, special assessments, parole terms,
        or forfeitures that may be applicable.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant Name: <u>BELINDA DAVIS BROWN, aka "Belinda Davis"</u>  Case No.: 10-80019-CR -
aka "Lynn"  MIDDLEBROOKS/
JOHNSON

Count #   1

Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
==========================================================================
Count #  2, 3

Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
==========================================================================
Count #_____

Max.  Penalty: _____
==========================================================================
Count #_____

Max.  Penalty: _____
==========================================================================
Count #_____

Max.  Penalty: _____
==========================================================================
Count #_____

Max.  Penalty: _____
==========================================================================
   *Refers only to possible term of incarceration, does not include
   possible fines, restitution, special assessments, parole terms,
   or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant Name: <u>TANIKA WRIGHT, aka "T"</u> Case No.: 10-80019-CR-MIDDLEBROOKS / JOHNSON

Count # __1__

Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
==============================================================================
Count # __6, 8__

Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
==============================================================================
Count #_____

Max. Penalty: _____
==============================================================================
Count #_____

Max. Penalty: _____
==============================================================================
Count #_____

Max. Penalty: _____
==============================================================================
Count #_____

Max. Penalty: _____
==============================================================================

*Refers only to possible term of incarceration, does not include
possible fines, restitution, special assessments, parole terms,
or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## <u>PENALTY SHEET</u>

Defendant Name: <u>SAMANTHA WILKERSON</u>    Case No.: 10- 80019-CR-MIDDLEBROOKS /
JOHNSON

Count #   1
Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
==================================================================================
Count #   4, 7
Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
==================================================================================
Count #_____

Max.  Penalty: _____
==================================================================================
Count #_____

Max.  Penalty: _____
==================================================================================
Count #_____

Max.  Penalty: _____
==================================================================================
Count #_____

Max.  Penalty: _____
==================================================================================

   *Refers only to possible term of incarceration, does not include
   possible fines, restitution, special assessments, parole terms,
   or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant Name: KENYETTA BIGGS_____ Case No.: 10-80019-CR-MIDDLEBROOKS/

JOHNSON

Count # __1_____

Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: 10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release

=======================================================================

Count #__6, 8_____

Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: 10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release

=======================================================================

Count #_____

Max. Penalty: _____

=======================================================================

Count #_____

Max. Penalty: _____

=======================================================================

Count #_____

Max. Penalty: _____

=======================================================================

Count #_____

Max. Penalty: _____

=======================================================================

*Refers only to possible term of incarceration, does not include
possible fines, restitution, special assessments, parole terms,
or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant Name: ELISHA ALLEN, aka "Nikki"_____ Case No. 10-80019-CR-MIDDLEBROOKS/ JOHNSON

Count # ___1_____
Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: 10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release_____
============================================================================
Count #___5_____
Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: 10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release_____
============================================================================
Count #_____

Max.  Penalty: _____
============================================================================
Count #_____

Max.  Penalty: _____
============================================================================
Count #_____

Max.  Penalty: _____
============================================================================
Count #_____

Max.  Penalty: _____
============================================================================
        *Refers only to possible term of incarceration, does not include
        possible fines, restitution, special assessments, parole terms,
        or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## <u>PENALTY SHEET</u>

Defendant Name: <u>MELVIN BROWN, aka "Mel"</u>      Case No. 10-80019-CR-MIDDLEBROOKS/ JOHNSON

Count # __1_____

Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
=========================================================================
Count # __2_____

Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
=========================================================================
Count #_____


Max.  Penalty: _____
=========================================================================
Count #_____


Max.  Penalty: _____
=========================================================================
Count #_____


Max.  Penalty: _____
=========================================================================
=Count #_____


Max.  Penalty: _____
=========================================================================

*Refers only to possible term of incarceration, does not include
possible fines, restitution, special assessments, parole terms,
or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant Name: <u>ANTONIO KEY</u>          Case No.: 10-80019-CR- MIDDLEBROOKS/
JOHNSON

Count # __1__

Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
=========================================================================
Count #__9__

Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
=========================================================================
Count #_____

Max.  Penalty: _____
=========================================================================
Count #_____

Max.  Penalty: _____
=========================================================================
Count #_____

Max.  Penalty: _____
=========================================================================
Count #_____

Max.  Penalty: _____
=========================================================================

*Refers only to possible term of incarceration, does not include
possible fines, restitution, special assessments, parole terms,
or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant Name: <u>JASON MILLER</u>   Case No.: <u>10-80019-CR-MIDDLEBROOKS/</u>
<u>JOHNSON</u>

Count # __1__

Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
=============================================================================
Count # __2__

Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
=============================================================================
Count #_____



Max. Penalty: _____
=============================================================================
Count #_____



Max. Penalty: _____
=============================================================================
Count #_____



Max. Penalty: _____
=============================================================================
Count #_____



Max. Penalty: _____
=============================================================================
*Refers only to possible term of incarceration, does not include
possible fines, restitution, special assessments, parole terms,
or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant Name: <u>MARCUS PITRE</u>   Case No.: <u>10-80019-CR-MIDDLEBROOKS/JOHNSON</u>

Count # __1__

Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
=========================================================================
Count # __9__

Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
=========================================================================
Count # _____

Max.  Penalty: _____
=========================================================================
Count # _____

Max.  Penalty: _____
=========================================================================
Count # _____

Max.  Penalty: _____
=========================================================================
Count # _____

Max.  Penalty: _____
=========================================================================

*Refers only to possible term of incarceration, does not include
possible fines, restitution, special assessments, parole terms,
or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant Name: <u>DONDIA WILKERSON</u>     Case No.: 10-80019-CR-MIDDLEBROOKS/ JOHNSON

Count # __1__

Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
=============================================================================
Count # __4__

Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
=============================================================================
Count #_____

Max.  Penalty: _____
=============================================================================
Count #_____

Max.  Penalty: _____
=============================================================================
Count #_____

Max.  Penalty: _____
=============================================================================
Count #_____

Max.  Penalty: _____
=============================================================================

*Refers only to possible term of incarceration, does not include
 possible fines, restitution, special assessments, parole terms,
 or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant Name: PAKESHA McCRAY aka "Keesha"   Case No.: 10 - 80019 - CR - MIDDLEBROOKS / JOHNSON

Count #  1 _____
Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: 10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release
============================================================================
Count #  5 _____
Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: 10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release
============================================================================
Count #_____

Max.  Penalty: _____
============================================================================
Count #_____

Max.  Penalty: _____
============================================================================
Count #_____

Max.  Penalty: _____
============================================================================
Count #_____

Max.  Penalty: _____
============================================================================
*Refers only to possible term of incarceration, does not include
possible fines, restitution, special assessments, parole terms,
or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant Name: <u>TAKISHA GOLDEN</u>     Case No.: <u>10-80019-CR-MiddleBrooks/Johnson</u>

Count # __1_____
Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
===============================================================================
Count # __10_____
Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
===============================================================================
Count #_____

Max.  Penalty:  _____
===============================================================================
Count #_____

Max.  Penalty:  _____
===============================================================================
Count #_____

Max.  Penalty:  _____
===============================================================================
=Count #_____

Max.  Penalty:  _____
===============================================================================
        *Refers only to possible term of incarceration, does not include
        possible fines, restitution, special assessments, parole terms,
        or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant Name: <u>MELISSA JEFFERSON</u>   Case No.: 10 - 80019-CR- MiddleBrooks / Johnson

Count # __1__
Conspiracy to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 846 and 841(b)(1)(A)(ii)

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
================================================================================
Count # __10__
Attempt to Possess Cocaine With Intent to Distribute (+5 kilograms of cocaine)
21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 USC § 2

Max. Penalty: <u>10 years - life imprisonment; 0- $4,000,000.00 fine, 0-life supervised release</u>
================================================================================
Count #_____

Max. Penalty: _____
================================================================================
Count #_____

Max. Penalty: _____
================================================================================
Count #_____

Max. Penalty: _____
================================================================================
Count #_____

Max. Penalty: _____
================================================================================
*Refers only to possible term of incarceration, does not include
possible fines, restitution, special assessments, parole terms,
or forfeitures that may be applicable.